## NATIONAL LIFE & ACCIDENT

## INSURANCE CO v KELLY

Ohio Appeals, 6th Dist, Lucas Co

No 2687.  Decided June 27, 1932

Frazier Reams, Toledo, for plaintiff in error.

Frank J. Szumigala, Toledo, for defendant in error.

LLOYD, J.

As stated by the trial judge to the jury, the burden of proof rested upon the insurance company to prove facts which made applicable the above quoted exception contained in the policy and pleaded in its answer.

U. S. Mutual Accident Insurance Ass'n v Hubbell, 56 Oh St, 516, 526.

Allen v Travelers Protective Ass'n, 163 Iowa, 217.

The insurance company claims that the verdict and judgment are manifestly against the weight of the evidence and that the trial court erred in his charge to the jury, and upon these grounds asks the court to reverse the judgment.

The evidence shows that as Kelly came out of a house on Hamilton Street in Toledo, a man, Jim Cooley by name, attempted to stop him with the seeming object of committing a robbery. There is a conflict in the evidence as to just what occurred, but that Kelly lost an eye is not in dispute. Whether Cooley committed an assault and battery upon Kelly which caused the loss of the eye or whether, in trying to escape from Cooley Kelly fell against some object and thereby sustained his disability, is in dispute. The members of this court unanimously agree that the verdict and judgment returned and rendered in the trial court are manifestly against the weight of the evidence.

The charge of the trial judge to the jury was commendably short, but this very fact made it essential that no particular statement as to fact or law should, by repetition, have been unduly emphasized. Assuming that the members of a jury possess average intelligence, and the ability to understand what is said, it should be sufficient to once state a proposition whether of law or fact. In the charge in question the jurors were seven times told in substance and effect that so far as Kelly was concerned the loss of his eye was accidental, which we think was laying undue stress upon this particular fact, and probably tended to lead the jury to think that the court favored a verdict in favor of the injured Kelly. The foregoing statement to the jury was further emphasized by the following instructions:

"Now, I say to you, ladies and gentlemen of the jury, that if this robber intended to hold this man up and rob him, take his money away from him but did not intend in that robbery to do him bodily harm and in some way this cut was made by the robber unintentionally, although he was in the act of robbing, if at that time he did not intend to do him bodily harm, then, ladies and gentlemen, the plaintiff is entitled to recover because it was unintentional both on his part and on the part of the robber.

If that was done accidentally and done unintentionally by the robber, then I say to you ladies and gentlemen of the jury, that your verdict will still be for the plaintiff."

As to the above quoted portion of the charge, it is contended that it is erroneous in that in effect it left the jurors to guess at the mental purpose of Cooley by failing to tell them that his intent was to be determined from what, if anything, he did and said, and that a person is presumed to intend the natural and probable consequences of his voluntary and deliberate acts, but no request was made of the trial judge to amplify or qualify any part of his instructions to the jury, and since it would be opinion rather than decision, we refrain from further comment thereon.

Because the verdict and judgment are manifestly against the weight of the evidence, the judgment of the Court of Common Pleas is reversed and the cause remanded to that court for a new trial.

RICHARDS and WILLIAMS, JJ, concur.